**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| JANE DOE 2,<br>JANE DOE 3,<br>JANE DOE 4, and<br>JOHN DOE 2,<br><br>    Plaintiffs.<br><br>v.<br><br>CITY OF FLORISSANT, MISSOURI,<br><br>JULIAN ALCALA<br>in his individual capacity,<br><br>    Defendants. | Cause No.:  24-1445<br><br>**Jury Trial Demanded** |

## **COMPLAINT**

## **PARTIES**

1. Jane Doe 2 is an individual and a resident of the State of Missouri. Her name has been changed because she is a victim, and her identity needs to be protected due to the sensitive nature of this case.

2. Jane Doe 3 is an individual and a resident of the State of Illinois. Her name has been changed because she is a victim, and her identity needs to be protected due to the sensitive nature of this case.

3. Jane Doe 4 is an individual and a resident of the State of Missouri. Her name has been changed because she is a victim, and her identity needs to be protected due to the sensitive nature of this case.

4. John Doe 2 is an individual and a resident of the State of Missouri. His name has been changed because he is a victim, and his identity needs to be protected due to the sensitive nature of this case.

5. Defendant City of Florissant ("Florissant") is a city located in St. Louis County.

6. At all times relevant, Julian Alcala, was an on duty police officer working in the course and scope of his employment with Florissant, he was/is a resident of the State of Missouri and was acting under color of state law. He is sued in his individual capacity.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

8. The events described herein occurred in the Eastern District of Missouri. Venue is appropriate pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS
## JANE DOE 2 AND JOHN DOE 2

9. The preceding paragraphs are incorporated by reference as if set fort fully herein.

10. In February of 2024, Alcala pulled over Jane Doe 2 in Florissant, Missouri.

11. Alcala requested Doe 2's insurance, which was on her phone. Alcala took the phone back to his cruiser.

12. Later, Doe 2 checked her phone. She noticed there was a deleted text message from the time when Alcala had Doe 2 pulled over. Alcala, without permission, texted himself a video from Doe 2's phone.

13. John Doe 2 was not there. However, he was dating Jane Doe 2. Jane and John Doe 2 created an intimate video of themselves having intercourse. Neither intended the video to be seen by anyone but themselves.

14. Alcala sent himself the video of Jane Doe 2 and John Doe 2. In an effort to hide his tracks, he deleted the text.

15. In addition to taking the video, Alcala took and/or took a picture of a nude image of Jane Doe 2 from her phone.

16. Neither John Doe 2 nor Jane Doe 2 gave Alcala permission to search her phone or seize anything from it.

17. Because of Defendants, others in addition to Alcala, have seen these nude images, without permission from Jane Doe 2 or John Doe 2.

18. Jane Doe 2 and John Doe 2 experienced pain and suffering, loss of enjoyment of life, embarrassment and will continue to experience these in the future.

### **JANE DOE 3**

19. The preceding paragraphs are incorporated by reference as if set fort fully herein.

20. In February of 2024, Alcala pulled over Jane Doe 3 in Florissant, Missouri.

21. Alcala requested Doe 3's insurance, which was on her phone. Alcala took the phone back to his cruiser.

22. Alcala took and/or took a picture of a nude image of Jane Doe 3 on her phone.

23. Jane Doe 3 did not give Alcala permission to search her phone or seize anything from it.

24. Because of Defendants, others in addition to Alcala, have seen this nude image without permission from Jane Doe 3.

25. Jane Doe 3 experienced pain and suffering, loss of enjoyment of life, embarrassment and will continue to experience these in the future.

## JANE DOE 4

26. The preceding paragraphs are incorporated by reference as if set fort fully herein.

27. On May 9, 2024, Alcala pulled over Jane Doe 4 in Florissant, Missouri.

28. Alcala requested Doe 4's insurance, which was on her phone. Alcala took the phone back to his cruiser.

29. Alcala took and/or took a picture of a nude image of Jane Doe 4 on her phone.

30. Jane Doe 4 did not give Alcala permission to search her phone or seize anything from it.

31. Because of Defendants, others in addition to Alcala, have seen this intimate image without permission from Jane Doe 4.

32. Jane Doe 4 experienced pain and suffering, loss of enjoyment of life, embarrassment and will continue to experience these in the future.

## COUNT I: Violation of Plaintiffs' Fourth Amendment Rights to Be Free From Unreasonable Search Under 42 U.S.C. § 1983 (*All Plaintiffs v. Defendant Alcala*)

33. The preceding paragraphs are incorporated by reference as if set fort fully herein.

34. Alcala was acting under color of state law.

35. When Alcala took the phones from Jane Does 2-4 he did not have a warrant or consent to search through the phone.

36. John Doe 2's property was also searched since Jane Doe 2's phone had a John Doe 2 video.

37. No consent or probable cause existed to search any of the phones.

4

38. Nevertheless, in violation of the Fourth Amendment, Alcala performed unconstitutional searches on all Jane Does 2-4s' phones, including when he eventually stumbled upon the intimate content contained on the Does phones.

39. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

40. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**COUNT II: Violation of Plaintiffs' Fourth Amendment Rights to Be Free From Unreasonable Seizure Under 42 U.S.C. § 1983 (*All Plaintiffs v. Defendant Alcala*)**

41. The preceding paragraphs are incorporated by reference as if set fort fully herein.

42. Alcala was acting under color of state law.

43. When Alcala took the photos from the phones of Jane Does 2-4 he did not have a warrant or consent to seize items from those phones.

44. No probable cause existed to seize anything from any of the phones.

5

45. Nevertheless, in violation of the Fourth Amendment, Alcala performed unconstitutional seizure on all Jane Does 2-4s' phones, including when he took the intimate contact from each of the Does' phones.

46. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

47. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

### COUNT III: Violation of Plaintiffs' Fourteenth Amendment Rights of Privacy Under 42 U.S.C. § 1983
(*All Plaintiffs v. Defendant Alcala*)

48. The preceding paragraphs are incorporated by reference as if set fort fully herein.

49. Alcala was acting under color of state law.

50. The information taken was a shocking degradation, an egregious humiliation and a flagrant breach of confidentiality for all the Does.

51. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of

6

life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

52. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**COUNT IV: Violation of Plaintiffs' Fourteenth Amendment Rights to Due Process Under 42 U.S.C. § 1983**
(*All Plaintiffs v. Defendant Alcala*)

53. The preceding paragraphs are incorporated by reference as if set fort fully herein.

54. Alcala was acting under color of state law.

55. Alcala did not notify any Plaintiff or give them a chance to be heard prior to looking at and taking their photographs and video.

56. This was a violation of Plaintiffs' procedural due process rights.

57. Alcala also violated Plaintiffs' substantive due process rights.

58. When he looked at and took the pictures and video, Alcala violated one or more of Plaintiffs' constitutional rights' and was shocking to the contemporary conscience.

59. Looking at and taking nude images from unknowing Jane Does' phones was so disproportionate to the need presented by taking insurance information and Alcala's actions were

7

inspired by malice rather than a merely careless or unwise excess of zeal that is was a brutal abuse of official power that shocks the conscience.

60. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

61. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

### **Count V: Violation of Plaintiffs' Fourteenth Amendment Rights to Equal Protection Under 42 U.S.C. § 1983** (*Jane Does 2-4 v. Alcala*)

62. The preceding paragraphs are incorporated by reference as if set fort fully herein.

63. Upon information and belief, Alcala took nude photographs and videos only from women's phones during traffic stops or while otherwise policing.

64. Upon information and belief, men who were similarly situated, were not targeted.

65. The Equal Protection Clause requires government treat all similarly situated people alike.

66. Jane Does 2-4 were treated differently than similarly situated individuals.

8

67. As a direct result, Jane Does 2-4 were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

68. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

**Count VI: Municipal Custom and/or Failure to Instruct, Train, Supervise, Control and/or Discipline Under 42 U.S.C. § 1983**
(*All Plaintiffs v. Florissant*)

69. The preceding paragraphs are incorporated by reference as if set fort fully herein.

70. Plaintiffs' Constitutional rights were violated as described herein.

71. In Florissant, there are widespread customs, practices and usages that are so pervasive that they constitute Florissant's policies, which caused the constitutional depravations, including but not limited to:

   a. Searching individuals without consent or a warrant;

   b. Seizing personal items without consent or a warrant;

   c. Invading individuals' privacy without consent;

9

72. Florissant demonstrated deliberate indifference to or tacit authorization of the Defendants' misconduct after notice of same.

73. Alternatively, but without waiver of the foregoing, Florissant's training program was inadequate to train its officers to properly handle reoccurring situations like the one involving Plaintiffs in properly making ensuring individuals' Constitutional rights were not violated, as described herein. This was deliberately indifferent to the rights of others, including Plaintiffs.

74. Additionally, without waiver of the foregoing, Florissant failed to supervise, control, and/or discipline individuals when they engaged in constitutional violations, such as those set forth here, such that they demonstrated a deliberate indifference to or tacit authorization of such acts.

75. These deficiencies injured Plaintiffs.

76. Florissant, its employees, agents and representatives were acting under color of state law.

77. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

78. Florissant's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair

and reasonable to be determined by the jury, for the costs of this action, for attorneys' fees and for further relief the Court deems fair and appropriate under the circumstances.

### COUNT VII: Negligence
### (*All Plaintiffs v. Alcala*)

79. The preceding paragraphs are incorporated by reference as if set fort fully herein.

80. Alcala owed all Plaintiffs a duty to ensure he did not look at or take pictures and/or videos from their phones.

81. Alcala breached that duty when he:

    d. Looked at Plaintiffs' photos and videos; and

    e. Took a picture of or sent himself said pictures and/or videos.

82. Alcala had no discretion to look on Plaintiffs' phones at the naked images. He likewise had no discretion to those images either.

83. Recording insurance information on a traffic stop is a ministerial act that does not include looking at or taking nude images.

84. As a direct result, Plaintiffs were each individually damaged, which included pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress as well as future pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

85. Alcala's conduct was reckless and callously indifferent to the constitutional rights of Plaintiff, malicious, in bad faith, and wanton with respect to those rights, making an award of punitive damages warranted and necessary to punish them in their individual capacities and to deter each of them and others from the same or similar misconduct in the future.

WHEREFORE Plaintiffs each individually pray for judgment in their favor and against the Defendants, jointly and severally, for compensatory and punitive damages in an amount that is fair and reasonable to be determined by the jury, for the costs of this action, and for further relief the Court deems fair and appropriate under the circumstances.

**Plaintiffs demand a jury trial on all counts.**

Respectfully submitted,

PLEBAN & ASSOCIATES LAW, LLC

by:   /s/ J.C. Pleban
J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666
314-645-7376 (FAX)

*Attorney for Plaintiffs*