**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| G.E.S., et al., | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | Case No.: 4:24-cv-01412-JSD |
| v. | ) | |
| | ) | |
| CITY OF FLORISSANT, MISSOURI, | ) | (Consolidated with 4:24-cv-01445; 4:24-cv- |
| | ) | 1528; 4:24-cv-01571; 4:25-cv-73; and |
| | ) | 4:25-cv193) |
| and | ) | |
| | ) | |
| JULIAN ALCALA | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Parties' Amended Consent Motion to Seal and Close Settlement Agreement. (ECF No. 100) Having considered the argument, the Court grants the motion and orders that the settlement among the parties is closed and will remain sealed.

This matter arises from several complaints listed above (consolidated for purposes of discovery, per ECF No. 19), where Plaintiffs alleged a former Florissant police officer took nude images and/or videos from women's cell phones. All these cases are now settled. The Parties ask the Court to seal the names of these Plaintiffs in the settlement agreement pursuant to Mo. Rev. Stat. § 610.021(1).[1]

The Plaintiffs filed their lawsuits under pseudonyms. *See*, *e.g.*, ECF Nos. 16, 34. In making such applications, the Court has already analyzed these issues and concluded that the balancing test "favor[ed] allowing Plaintiffs to proceed by pseudonym." (ECF No. 23 at 3) The Court found

---

[1] Mo. Rev. Stat. §§ 610.010, *et seq.* is collectively referred to as Missouri's "Sunshine Law."

"that Plaintiffs have a legitimate fear of harm based upon their possible association with nude photos and that fear warrants allowing them to proceed by pseudonyms." *Id*.

Mo. Rev. Stat. § 610.021(1) allows Courts to close and seal a record if, "the adverse impact to…plaintiffs to the action clearly outweighs the public policy considerations of section 610.011." Even if the settlement agreement is ruled closed and sealed, the amount paid by or on behalf of the City of Florissant "shall be disclosed." The Parties agree that the amount should not be sealed— only the settlement agreement.

When previously conducting its analysis, the Court determined that the adverse impact to Plaintiffs outweighs the public policy considerations contained in § 610.011, which simply favors open records. (ECF No. 23) To be sure, the public does not have an interest in knowing the names of women who had their most private and intimate belongings exposed to a pure stranger. The public is fully informed of the claims and monetary cost to the governmental body. Knowing Plaintiffs' names serves no purpose other than to further victimize them. These reasons all favor closing and sealing the agreement. Additionally, of note, the criminal case proceeded under pseudonym, further evincing that Plaintiffs' names need to be protected.

The Court finds that the adverse impact to Plaintiffs in this action clearly outweighs the public policy consideration of Mo. Rev. Stat. § 610.011. The settlement agreement in this matter is a closed record, and it shall remain sealed. In closing the record, the Court is ordering that no Party produce the settlement agreement to any non-party, even if there is a Sunshine Request. However, if the City of Florissant receives such a Sunshine Request, the City must disclose the settlement amount only.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Consent Motion to Seal and Close Settlement Agreement (ECF No. 100) is **GRANTED**. The settlement agreement in this matter is a closed record, and it shall remain sealed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make an entry in the docket record reflecting the dismissal of this matter, as well as 4:24-cv-01445; 4:24-cv-01528; 4:24-cv-1571; 4:25-cv-73; and 4:25-cv-193.

.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of July, 2026.

3